UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                              :
FAREED HASAN BEY,              :    CASE NO. 1:15-CV-023
                                              :
         Plaintiff,                :
                                              :
vs.                                           :    ORDER
                                              :    [Resolving Doc. No. 2]
BILL CERVENEK, *et al.*,           :
                                              :
         Defendants.              :
                                              :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    *Pro se* Plaintiff Fareed Hasan Bey filed this action against Bill Cervenek, Chris Frey, Euclid Municipal Court Judge Deborah A. LaBarron, Thomas Brickman and Jan Clinton. In the Complaint, Plaintiff alleges he was arrested in Euclid and charged with obstructing official business. He asserts that the Defendants breached their oath of office, committed treason, conspired against the Constitution, fabricated bogus charges, and violated his Fourth, Fifth, Sixth, Eighth, Ninth, and Tenth Amendment rights. He seeks $ 1,500,000 from each Defendant, return of "private property issued by the Moorish Government," and a "jury trial by National Peers."

    Plaintiff also filed a Motion to Proceed *In Forma Pauperis* (Doc. No. 2). He does not provide information about his income, debts or expenses. Instead, he contends that all debts are payable only in silver and gold coins, and he does not possess either of those items. For the reasons set forth below, the Motion is **DENIED** and this action is **DISMISSED** without prejudice.

    The Complaint is very brief and contains no facts. Plaintiff attaches a docket sheet from a

criminal case in the Euclid Municipal Court filed in August 2012, and terminated in October 2012. He was charged with obstruction of official business. The charge was eventually dismissed because the arresting officer did not appear in court for the trial. He alleges only that he was traveling on land when he stopped by police officer Costello and arrested. The remainder of the pleading is composed entirely of legal rhetoric.

Plaintiff did not pay the filing fee of $ 400.00 for this action nor did he complete an Application to Proceed *In Forma Pauperis.* Instead, Plaintiff filed a Motion to Proceed *In Forma Pauperis* (Doc. No. 2) of his own creation. Plaintiff attached the Court's Application and wrote "N/A" in all of the blanks. At the bottom of the form, he wrote "There's no money circulating in the U.S.A." (Doc. No. 2 at 2). In his document titled "Affidavit of Financial Statement (Exercise of Constitution-Secured rights) In Forma Pauperis" (Doc. No. 2), he asserts that all debt must be paid in gold or silver coins, and attests that he does not possess any gold or silver coins "which is lawful money to pay the restricting demands, conditionally commanded by employees and contractors of the Court." (Doc. No. 2 at 1). He calls the Court's requirement to pay the full filing fee or submit a completed Application to Proceed *In Forma Pauperis* "unconstitutional" and "arbitrarily hindering due process." He indicates he is refusing the Court's demand for a financial statement or payment of the filing, claiming there is no law stating that a financial statement or filing fee must be paid to exercise his Constitutional Rights. (Doc. No. 2 at 2).

Plaintiff is no stranger to this District Court and is well aware of the filing fee requirements. In addition to this case, he filed nine other actions from May 2011 to the present date, all of which named state and municipal government officials as Defendants. Six of these

-2-

actions were dismissed as frivolous.[1] The pleadings in those cases, like the one submitted in this case, contain very few cogent factual allegations, and do not raise any real causes of action. Two actions are pending.[2] One other action was dismissed because Plaintiff refused to pay the filing fee or file a proper Application to Proceed *In Forma Pauperis*.[3] The Court's financial requirements were explained to Plaintiff in that case. He filed these same financial documents in this case. These documents demonstrate that he is well aware of this Court's procedures and requirements, and has chosen not to comply with them.

Up to this point, the Courts in this District have been tolerant of Plaintiff's *pro se* filings; however, there comes a point when the Court can no longer allow Plaintiff to misuse the judicial system at tax payer expense. The filing of frivolous lawsuits and motions strains an already burdened federal judiciary. As the Supreme Court recognized: "Every paper filed with the Clerk of ... Court, no matter how repetitious or frivolous, requires some portion of the [Court's] limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184 (1989). This Court's ability to perform its duties is compromised when it is forced to devote limited resources to the processing of repetitious and frivolous filings. *In re Sindram*, 498 U.S. 177, 179-80 (1991).

---

[1] *See Bey v. Willoughby Municipal Court*, No. 1:11 CV 966 (N.D. Ohio Aug. 8, 2011)(Polster, J.); *Bey v. State of Ohio*, No. 1:11 CV 1126 (N.D. Ohio Oct. 4, 2011)(Gwin, J.); *Bey v. State of Ohio*, No. 1:11 CV 1372 (N.D. Ohio Jan. 3, 2012)(Gaughan, J.); *Bey v. Patton*, No. 1:14 CV 1919 (N.D. Ohio Feb. 26, 2012)(Oliver, J.); *Bey v. Carroll*, No. 1:13 CV 1133 (N.D. Ohio Oct. 18, 2013)(Nugent, J.); *Willoughby Municipal Ct. v. Bey*, No. 1:11 CV 2326 (Dec. 27, 2011)(removal by Bey of criminal case from state court).

[2] *See Bey v. Jackson*, No. 1:15 CV 100 (N.D. Ohio filed Jan. 16, 2015)(Boyko, J.); *Bey v. Kidd*, No. 1:15 CV 1164 (N.D. Ohio filed June 10, 2015).

[3] *See Bey v. Barker*, No. 1:15 CV 294 (N.D. Ohio Apr. 9, 2015)(Boyko, J.).

After a careful review of Plaintiff's conduct in this and other cases filed in the Northern District of Ohio, it is apparent that Plaintiff has no intention of filing the proper forms to request pauper status or providing the necessary information to enable the Court to determine whether he qualifies as a pauper. Congress first enacted an *in forma pauperis* statute in 1892 "to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324, (1989) (citing *Adkins v. E.I. DuPont deNemours & Co.*, 335 U.S. 331, 342-43 (1948)). Contrary to Plaintiff's assertion, proceeding *in forma pauperis* is a privilege, and not a right. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998); *Weaver v. Toombs*, 948 F.2d 1004, 1008 (6th Cir. 1991); *Marshall v. Beshear*, No. 3:10CV-663-R, 2010 WL 5092713, at *3 (W.D. Ky. Dec. 7, 2010). Plaintiff has refused to demonstrate to the Court that he qualifies as a pauper. His Motion to Proceed *In Forma Pauperis* is denied.

### IV. Conclusion

Accordingly, this action is dismissed without prejudice. If Plaintiff wishes to proceed with this action, he must pay the entire filing fee of $400.00 within thirty days, and must file a Motion to Re-Open Case. The Motion will not be accepted if it is not accompanied by the full filing fee. No other documents will be accepted for filing in this case unless the entire filing fee is paid, and a Motion to Re-Open has been granted.

IT IS SO ORDERED.

Dated: June 26, 2015          *s/ James S. Gwin*
                                          JAMES S. GWIN
                                          UNITED STATES DISTRICT JUDGE